STATE DEPARTMENT OF HEALTH — INJUNCTIVE RELIEF FOR VIOLATION OF DRINKING WATER REGULATION — MULTIPLE PROSECUTIONS The Oklahoma State Department of Health through the Commissioner of Health has the authority to seek injunctive relief against threatened or continuing violations of state primary drinking water regulations. It is further the opinion of the Attorney General that the Oklahoma Department of Health through the Commission of Health has the authority to seek multiple prosecutions for continuing violations of the public health code or lawful regulations promulgated pursuant thereto so long as each prosecution is limited to a particular period of time, and preceded by a specific lawful order or directive. The question as to the legality or propriety of a District Attorney's actually seeking such multiple prosecution would of necessity lie in his sound prosecutorial discretion. The Attorney General has received your Department's request for an opinion wherein you ask, in effect, the following questions: 1. Does the Oklahoma State Department of Health have authority to seek injunctive relief against threatened or continuing violations of State primary drinking water regulations? 2. Does the State have authority to assess daily or multiple penalties for reoccurring violations of the Public Health Code or regulations promulgated pursuant thereto? Title 63 O.S. 1-1701 [63-1-1701] (1971) sets forth the penalty for violations of the Public Health Code and reads as follows: "(a) Unless otherwise provided in this Code: "(1) Any person who wilfully fails or refuses to comply with, or violates, a lawful order of the State Board of Health or the State Commissioner of Health, or his duly authorized representative, or of a local health officer, or who violates the terms and conditions of a quarantine or embargo, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not to exceed One Hundred Dollars ($100.00), or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment. "(2) Any person who fails or refuses to make or file a report, or to file a certificate, or to keep a record, that is required by the provisions of this Code or by rules and regulations of the State Board of Health, or the State Commissioner of Health, or who gives false information in or for such report, certificate or record, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than Two Hundred Dollars ($200.00). "(3) Any person who gives false information in an application for a license or permit, or to the Commissioner or a local health officer, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than Two Hundred Dollars ($200.00). "(4) Any person who does any act for which a license or permit is required by the provisions of this Code, and who is not at the time the holder of such a license or permit, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than Five Hundred Dollars ($500.00), or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment. "(5) Any person who does any act that is made unlawful or a misdemeanor by the provisions of this Code, or who violates any of the other provisions of this Code, or any standard, rule or regulation authorized by this Code, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than Two Hundred Dollars ($200.00), or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment. "(b) Notwithstanding the penalties hereinbefore provided for, District and Superior Courts may also grant injunctive relief to prevent a violation of, or to compel a compliance with, any of the provisions of this Code; and the County Attorney shall fine and prosecute appropriate proceedings therefor in the name of the state, on request of the Commissioner." (Emphasis added) A plain reading of paragraph (b) of 63 O.S. 1-1701 [63-1-1701] is determinative of the answer to your first question, and dictates that it be answered in the affirmative. The Section clearly gives the Commissioner of Health the authority to request the District Attorney of the county in which properly promulgated rules and regulations of the Health Department are violated to seek injunctive relief against such violations. In regard to your second question, 22 CJS, Criminal Law, 281, relating to continuing offenses, reads in part as follows: "A prosecution for an offense which a continuing one is a bar to a subsequent prosecution for the same offense charged to have been committed at any time previous to the institution of the first prosecution. However, it is not a bar to a subsequent prosecution for continuing offense thereafter, as if a new violation of the law, and it has been held that each day during which it is continued, constitutes a separate offense and will support a separate prosecution, provided the information or indictment alleges such specific day, and the State confines its proof to the date alleged." It appears that for the purposes of this statement of the law, a lawful order of the State Board of Health or the State Commissioner of Health, or his duly authorized representative, or of a local health officer, would be interchangeable with "information or indictment". It would thus appear that the State could possibly prosecute as separate offenses each separate occasion that a person wilfully failed or refused to comply with, or violated, a lawful order of the State Department of Health. Note, however, the constraints on such procedure as set forth in Wharton's Criminal Law and Procedure, Vol. 1, 145 (1957) at page 351, which reads: "Only one prosecution may be had for a continuing crime. When an offense charged consists of a series of acts extending over a period of time, a conviction or acquittal for a crime based on a portion of that period will bar a prosecution covering the whole period. A prosecution upon a charge laid at a date, prior to a former indictment, is barred by a conviction or acquittal upon such former indictment, when the offense charged is a continuing one." It would thus appear that depending on the facts and circumstances of a particular continuing violation, a violator might be subject to multiple prosecutions for such violation. It is, therefore, the opinion of the Attorney General that the Oklahoma State Department of Health through the Commissioner of Health has the authority to seek injunctive relief against threatened or continuing violations of state primary drinking water regulations. It is further the opinion of the Attorney General that the Oklahoma Department of Health through the Commission of Health has the authority to seek multiple prosecutions for continuing violations of the public health code or lawful regulations promulgated pursuant thereto so long as each prosecution is limited to a particular period of time, and preceded by a specific lawful order or directive. The question as to the legality or propriety of a District Attorney's actually seeking such multiple prosecution would of necessity lie in his sound prosecutorial discretion. (JAMES R. BARNETT) (ksg)